UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ERNEST M. IMBROGNO,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**AMERICAN AIRLINES, INC.,** )<br>)<br>)<br>**Defendant.** ) | No. 22 CV 6925<br><br>**Jury Demand** |

**COMPLAINT**
**AS AND FOR A FIRST CAUSE OF ACTION**
**(DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)**

**NATURE OF ACTION**

1. This is an action under Title I of the Americans with Disabilities Act of 1991 (ADA), to correct unlawful employment practices on the basis of a disability (handicap) and to make whole Plaintiff. **ERNEST M. IMBROGNO,** ("**IMBROGNO**"). Defendant, **AMERICAN AIRLINES, INC.,** ("**AA**") discriminated against IMBROGNO, a qualified individual with a disability, because of his disability.

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is invoked pursuant to 28 U.S.C.A. & 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to American with Disabilities Act of 1990. Venue is proper in this District under 28 U.S.C. Section 1391 (b). The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. IMBROGNO is an adult person and a resident of DuPage County, and the State of Illinois.

4. IMBROGNO is an employee of AA since 2013 and his most recent position was Maintenance Support.

5. At all times relevant, AA, has been a for profit corporation formed under the laws of Delaware providing transportation throughout the United States and doing business in Illinois.

6. AA is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

7. IMBROGNO has a permanent disability diagnosis, in that, he has a record of, or is regarded as having been diagnosed with a physical impairment that substantially limits one or more of his major life activities.

## STATEMENT OF CLAIMS

8. Despite AA listing itself as an equal employment company and having a policy against Discrimination to the disabled, AA intentionally discriminated against IMBROGNO because of his disability and physical needs and allowing him to be subjected to a hostile environment which intensified his condition.

9. IMBROGNO is and was, disabled due to a physical impairment, to the degree that substantially limited his ability to enjoy life. IMBROGNO has requested AA to provide him with reasonable accommodations due to his hearing loss however, said requests went unfulfilled. AA's stated reasons for not accommodating IMBROGNO were pretext.

10. AA's act and omissions to act violate applicable provisions of the American with Disabilities Act.

11. The discriminatory action of AA as set forth above has caused IMBROGNO to suffer losses of earnings, and as a further proximate result of AA's unlawful and intentional discriminatory actions against AA, as alleged above, IMBROGNO has been harmed in that IMBROGNO had suffered in his position and his work environment has become impaired.

12. As a further proximate result of AA's unlawful and intentional discriminatory actions against AA, as alleged above, IMBROGNO has been harmed in that IMBROGNO has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, IMBROGNO has suffered such damages in an amount according to proof.

13. IMBROGNO has no adequate remedy at law to secure relief. If this court does not enter an order for AA to accommodate IMBROGNO, IMBROGNO will be irreparably injured.

14. IMBROGNO filed a discrimination charge against AA with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed (see Exhibit "A").

15. On September 12, 2022, IMBROGNO was sent a notice from the EEOC of his right to bring this action (see Exhibit "B"), and IMBROGNO timely filed this action.

## FACTUAL ALLEGATIONS

16. On or about the months of January of 2021 until the present, IMBROGNO being subjected to a hostile work environment due to his disability and denied a request for accommodations.

## PRAYER FOR RELIEF

WHEREFORE, IMBROGNO prays for judgment as follows:

1. Declare the conduct engaged in by AA to be in violation of IMBROGNO's rights;

2. For injunctive relief, including but not limited to relief required to make IMBROGNO whole for the losses caused by the violations of AA.

3. For compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees; and

5. For such other and further relief as the COURT deems proper.

## AS AND FOR A SECOND CAUSE OF ACTION
## (TITLE VII RACE DISCRIMINATION)

NOW COMES the Plaintiff, IMBROGNO, ("Plaintiff"), by and through his attorney, Michael T. Smith, and in complaining of AA, and states as follows:

## NATURE OF ACTION

17. Plaintiff seeks redress and relief under Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, for Defendant having subjected Plaintiff to discrimination on the basis of his race.

## STATEMENT OF FACTS

18. This action is brought against AA having subjected Plaintiff to race discrimination by failure to treat her the same as non-Caucasian employees despite Plaintiff's complaints about same. Notwithstanding the foregoing, defendant discriminated against plaintiff in the terms and conditions of his employment and denied accommodations based on his race as further alleged herein.

19. Defendant by its action or actions of its agents set forth above, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's' employment and his performance in his occupation, by failing to treat him the same as non-Caucasian employees. Further, by said acts, Defendant's agents created a discriminatory

and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

20. As a direct result of AA's actions, plaintiff has suffered damages of race discrimination and disparate treatment by Defendant, Plaintiff has also suffered great pain, humiliation, and mental anguish, all to his damage.

21. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

22. Plaintiff exhausted all administrative and other remedies available to his before filing this complaint.

23. Thus, while meeting the minimum standards of his employer, Defendant willfully discriminated against Plaintiff based upon her race in violation of Title VII.

24. Plaintiff has suffered humiliation and mental anguish.

25. Defendant's conduct was at all times intentional, willful, and wanton.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For monetary damages;

B. For injunctive relief in the form of an order enjoining Defendant from continuing to engage in discriminatory conduct;

C. For statutory damages due to the Defendant's willful conduct;

D. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to Title 42 U.S.C.A. § 2000e-5(k);

E. Such other relief as is just and equitable; and

F. The plaintiff requests a jury trial of this action.

ERNEST M. IMBROGNO

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (6180407IL)
Attorney for the Plaintiff
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099
Msmith39950@aol.com